BERNARD BESTE, Executor of the last will and testament of GEORGE TRUSLER, deceased, and MARY TRUSLER, LOUISE TAGGART, JOSEPH TRUSLER, ANNA HARRER LOFTUS, AMELIA MACDANIEL, only heirs at law of the said GEORGE TRUSLER, deceased, vs. BRIDGET McGAUGH.

*Case Stated—Fee Simple Title—Adverse Possession.*

Under the facts disclosed by the case stated, *held* that a fee simple title was vested by adverse possession.

(*February 16, 1904.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Daniel O. Hastings* for plaintiff.

*George Lodge* for defendant.

Superior Court, New Castle County, February Term, 1904.

CASE STATED (No. 211, September Term, 1903).

The facts agreed upon between the counsel for the plaintiffs and the counsel for defendant, were as follows:

"1.    That by deed of Dennis J. Menton and wife, bearing date February 13th, A. D. 1875, one Samuel Davis, for a consideration of the sum of fifteen hundred dollars, became seized in fee simple of the following described lot or piece of land with a two-story brick dwelling thereon, situate in the City of Wilmington, New Castle County and State of Delaware, bounded and described as follows, to wit:

*        *        *        *        *        *        *

" Said deed being recorded at Wilmington, in the office of the Recorder of Deeds, in *Deed Record K, Volume 10, page 306.*

" 2.    That being so thereof seized the said Samuel Davis, by deed bearing date May 11th, A. D. 1877, for a consideration of five dollars, conveyed the above described lot of land and buildings directly to Jenette Davis, wife of the said Samuel Davis, said deed being in all respects, on its face, a conveyance in fee simple from the said Samuel Davis to the said Jenette Davis, his wife, said deed being recorded on the 8th day of October, A. D. 1881, at Wilmington, in the office of the Recorder of Deeds, in *Deed Record A, Volume 12, page 331.*

" 3.    That letters of administration on the estate of the said Samuel Davis were granted to Henry R. Davis on the 17th day of February, A. D. 1882, as appears from the record of the office of the Register of Wills in the City of Wilmington aforesaid, in *Will Record F, Volume 2, page 385.*

" 4.    That the said Jenette Davis, widow of the said Samuel Davis, by deed bearing date the 6th day of June, A. D. 1882, for

a consideration of twelve hundred dollars (a separate receipt for which appears in said deed), conveyed the above described lot of land and buildings to the said George Trusler (named in said deed as George Thrusler), said deed being in all respects, on its face, a conveyance in fee simple from the said Jenette Davis to the said George Trusler, said deed being recorded at Wilmington, in the office of the Recorder of Deeds in *Deed Record C, Volume 12, page 314.*

" 5.    That the said George Trusler did, on or about the——— day of———A. D. 1902, depart this life, having first made his last will and testament, wherein *inter alia* he did devise and dispose as follows, to wit :—" Third :  I order and direct my executor to sell to the best advantage, within one year after my death, my house and lot known as 718 Madison Street, Wilmington, Delaware, and my house and lot known as No. 1012 Chestnut Street, and immediately to pay off the mortgage taken upon this house and lot No. 718 Madison Street," (the house and lot No. 1012 Chestnut Street being the property heretofore described,) said will bearing date November 9th, A. D. 1901, and since his death duly proved and now remaining of record at Wilmington, in the office of the Register of Wills, in *Will Record Z, Volume 2, page 98.*

" 6.    That the only heirs at law of the said George Trusler, deceased, are Mary Trusler, Louise Taggart, Joseph Trusler, Anna Harrer Loftus and Amelia MacDaniel.

"7.    That from the 11th day of May, A. D. 1877, up to the present time, there has been no suit, action or proceeding of any kind brought or commenced in the Courts of the State of Delaware, in and for New Castle County, touching the title of the said Jenette Davis or her grantee, the said George Trusler, of, in or to the said lot of land and buildings.

" That the said George Trusler, from the 6th day of June, A.

D. 1882, has paid all taxes assessed on said lot of land and buildings, has collected all rents issuing and growing thereout, has expended money in the repair of said property, and has laid and paid for sewer connecting said property with the sewer on Chestnut Street aforesaid.

" 9.   That the said lot of land and buildings has been assessed in the name of George Trusler since the year of 1882 to the present time.

" 10.   That since the death of George Trusler, no demand, claim or suit, or action of any kind, has been brought to the notice of the said Bernard Beste, executor as aforesaid, nor the heirs at law, as aforesaid, of the said George Trusler, deceased.

" 11.   That the said Samuel Davis had four children, one son and three daughters, all of whom were living and over the age of twenty-one years at the time of his death ; that two of said daughters were married, but have since joined their husbands in a conveyance of all their right, title and interest in said property to the heirs at law of George Trusler, deceased, parties plaintiff hereto (see *Deed Record——Volume 19, page——*); that the other daughter was married after the death of her father and has since died, leaving two minor children ; that none of said children have been insane, imprisoned, or under any other disability that would have prevented them bringing an action at law or in equity for the recovery of real estate, except the disability of coverture above mentioned.

" 12.   That there are no liens of any kind on said lot of land and buildings.

" 13.   That the said Mary Trusler, Louise Taggart, Joseph Trusler, Anna Harrer Loftus, Amelia McDaniel, the only heirs at law of the said George Trusler, deceased, together with Bernard Beste, executor of the last will and testament of the said George

Trusler, deceased, by virtue of the power and authority contained in said last will and testament, on the 22nd day of July, A. D. 1903, sold the said house and lot No. 1012 Chestnut Street to Bridget McGaugh, the defendant, for the sum of nine hundred and fifty dollars ($950), and she the said Bridget McGaugh, did, on the said day, pay unto Bernard Beste, executor, Mary Trusler, Louise Taggart, Joseph Trusler, Anna Harrer Loftus and Amelia Mac-Daniel, the plaintiffs hereto, the sum of twenty-five dollars, said amount being paid to bind the bargain.

"14. That one of the conditions of the sale of said house and lot to said Bridget McGaugh, on the 22nd day of July, A. D. 1903 (which conditions were in writing, and signed by both plaintiffs and defendant) was, that the balance of the purchase money should be paid to the said plaintiffs on or before the expiration of thirty days from the date of said sale, and that another of the conditions of the said sale was that upon the payment as aforesaid, by the said Bridget McGaugh, to the said plaintiffs, of said balance of said purchase money, that they, the said plaintiffs, would make, execute and deliver unto the said Bridget McGaugh, a good and sufficient deed, conveying said real estate unto the said Bridget' McGaugh, in fee simple.

"15. That on and before the expiration of thirty days from the day of sale, the said plaintiffs were ready and willing to make, execute and deliver said deed as aforesaid, upon the payment by said defendant to the said plaintiffs of the balance of the said purchase money; that the said plaintiffs have so tendered themselves ready and willing to the said Bridget McGaugh; that the said plaintiffs on and before the expiration of thirty days from the day of sale, demanded of the said Bridget McGaugh that she pay unto them, the said plaintiffs, the said balance of said purchase money; nevertheless, the said Bridget McGaugh refused and still does refuse so to do, for the reason, as she alleges, that the said George Trusler, at the time of his decease did not have a good fee simple title to said premises, and that the parties plaintiff hereto, being his

executor and heirs at law, cannot therefore give a deed conveying a fee simple title to said defendants.

" If the Court shall be of opinion that there is vested in the heirs of George Trusler a fee simple title by adverse possession, to said lot of land and premises, then judgment to be entered for the plaintiffs for nine hundred and twenty-five dollars, besides the cost of suit.    Otherwise that judgment shall be entered for the defendant."

After hearing argument, the Court made the following order :

And now, to wit: this 16th day of February, A. D. one thousand nine hundred and four, the Court being of opinion that there is vested in the heirs at law of George Trusler, a fee simple title by adverse possession, to said lot of land and premises, the Court orders and decrees that judgment be entered for the plaintiff for nine hundred and twenty-five dollars, besides cost of suit.

CHAS. B. LORE, C. J.